J-S45044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH JACKSON | : | |
| | : | |
| Appellant | : | No. 994 EDA 2019 |

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005328-2011

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 10, 2020**

Elijah Jackson (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court detailed the procedural history that preceded this appeal as follows:

> On July 22, 2013, [Appellant] was found guilty following a jury trial of two (2) counts of aggravated assault. Appellant was convicted of assaulting a Philadelphia police officer who was in the process of assisting [A]ppellant in retrieving his vehicle which had been towed and impounded. At trial, testimony revealed that [A]ppellant, who was upset that his vehicle had been towed, engaged in an altercation with the responding officers, striking one police officer with his closed fist and pushing another violently to the ground. One of the responding officers [(Officer Ciarlante)] sustained a serious injury during the altercation with [A]ppellant, resulting in permanent hearing loss.
>
> Prior to sentencing, th[e trial court] permitted [A]ppellant's trial counsel . . . to withdraw and appointed [Appellate Counsel] to represent appellant for purposes of sentencing and appeal. On

February 27, 2014, [A]ppellant was sentenced by th[e trial court] to an aggregate term of incarceration of seven (7) to twenty (20) years. Appellant filed a timely direct appeal to our Superior Court. [Appellate Counsel] then filed a Notice of Intent to file an **Anders**/**McClendon**[1] [brief] in lieu of a Statement of Errors averring that he had reviewed the entire record and found that there were no meritorious, non-frivolous issues to raise on appeal. On September 2, 2014, th[e trial court] filed a 1925(a) opinion concurring with counsel's determination that no meritorious issues were present for purposes of direct appeal.

Thereafter, our Superior Court remanded this matter to this trial court to for purposes of conducting a **Grazier**[2] hearing. Th[e trial court], following a **Grazier** hearing, permitted [A]ppellant to proceed on appeal *pro se*. On March 16, 2016[,] our Superior Court affirmed [A]ppellant's judgment of sentence[e] and in so doing, rejected [A]ppellant's *pro se* claims of prosecutorial misconduct during the trial. Appellant did not seek further review by our Supreme Court.

On February 15, 2017, [A]ppellant filed a *pro se* petition seeking relief under the [PCRA.] In his timely PCRA petition, [A]ppellant contended that [Appellate Counsel] was ineffective for failing to file a Motion for Reconsideration of Sentence. Appellant further claimed that by failing to file this motion regarding the discretionary aspect of his sentencing, [Appellate Counsel] thus failed to preserve this claim for review on direct appeal. . . .

On March 7, 2017, [PCRA Counsel] was appointed by th[e PCRA court] to represent [Appellant] for purposes of this PCRA matter. On June 1[8], 2017, PCRA [C]ounsel filed with th[e PCRA court] a "no[-]merit" **Finley** letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v Finley**, 550 A.2d 213 (Pa. Super. 1988). In PCRA [C]ounsel's **Finley** letter[,] he opined that all of [A]ppellant's claims of ineffectiveness against [Appellate Counsel] lacked merit. Further, PCRA [C]ounsel opined that there were no other meritorious claims which could be raised by [A]ppellant.

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Thereafter, on July 27, 2017, th[e PCRA court], after carefully reviewing [A]ppellant's petition, PCRA [C]ounsel's **Finley** letter, and independently reviewing the entire record, determined that [A]ppellant's petition was without merit and therefore issued a twenty (20) day Notice of Dismissal pursuant to Pa.R.Crim.P. 907. On August 3, 2017, [A]ppellant filed a response to PCRA [C]ounsel's **Finley** letter. Thereafter, th[e PCRA court] held several hearings with [A]ppellant present via video. Thereafter, after reviewing and considering all of the arguments and issues raised in [A]ppellant's petition, as well as counsel's **Finley** letter and [A]ppellant's response thereto, th[e PCRA court], by Order dated March 22, 2019, dismissed [A]ppellant's PCRA petition as without merit.

On March 26, th[e PCRA court] granted PCRA [Counsel's] Motion for Leave to Withdraw and appointed [PCRA Appellate Counsel] to represent [A]ppellant for purposes of collateral appeal.

On April 2, 2019, [A]ppellant filed with our Superior Court a timely Notice of Appeal. On April 23, 2019 [A]ppellant filed his 1925(b) Statement of Matters Complained of on Appeal.

PCRA Court Opinion, 1/23/20, at 1-3 (some footnotes omitted).

On appeal, Appellant presents the following issue for our review:

Did the PCRA [c]ourt err and/or abuse its discretion when it denied and dismissed, without a hearing, [Appellant]'s petition under the PCRA where court appointed PCRA [C]ounsel provided patently deficient representation by relying, in his **Turner/Finley** Letter, upon decisional authority which is no longer valid or controlling, and where Pennsylvania law entitles an indigent defendant to the appointment of counsel to assist with his initial PCRA petition and that right includes the concomitant right to effective assistance of counsel?

Appellant's Brief at 4 (footnote omitted).

We begin by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal

error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Here, Appellant argues that Appellate Counsel was ineffective because he failed to file a post-sentence motion challenging the discretionary aspects of his sentence, thus precluding Appellant from raising the issue on direct appeal. Appellant contends that the trial court abused its discretion because the court imposed an aggravated-range sentence without stating on the record the specific reasons for the sentence. Appellant further contends that PCRA Counsel was ineffective for failing to pursue an ineffectiveness claim against Appellate Counsel on collateral review.[3]

Appellant presents a layered ineffective assistance of counsel claim. With respect to ineffectiveness claims, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable

---

[3] In his no-merit letter, PCRA Counsel averred that discretionary aspects of sentencing claims are not cognizable under the PCRA. No-Merit Letter, 6/18/17, at 2. As this Court has explained, however, claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA. *See Commonwealth v. Watson*, 835 A.2d 786, 801 (Pa. Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA[.]").

basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

Where a PCRA petitioner asserts a layered ineffectiveness claim, he or she must argue each prong of the three-prong ineffectiveness test for each separate attorney. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011). We have explained:

Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. **In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue**.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted, emphasis added.

As noted, Appellant's layered ineffective assistance of counsel claim relates to the discretionary aspects of his sentence. On direct appeal, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal."

- 5 -

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

"An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

It is well-settled that a discretionary aspects of sentencing claim must be preserved either at sentencing or in a post-sentence motion before the trial court. *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). With respect to a claim of ineffective assistance of counsel regarding the failure to file post-sentence motions, our Supreme Court has stated:

> [There is a] distinction between errors which completely foreclose merits review and those which merely "narrow its ambit." Thus, [the Court] [has] held an attorney's failure to file a post-sentence motion preserving a particular sentencing claim "did not operate to entirely foreclose appellate review," but merely "waive[d] those

- 6 -

claims subject to issue preservation requirements which were not otherwise properly preserved."

***Commonwealth v. Rosado***, 150 A.3d 425, 432 (Pa. 2016) (citation omitted). "[C]ounsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." ***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011). Thus, to obtain relief on his ineffectiveness claim, Appellant must demonstrate that his sentence was excessive, such that counsel was ineffective in failing to file a post-sentence motion. ***Id.***

Appellant argues that the trial court abused its sentencing discretion because it imposed an aggravated-range sentence without stating specific reasons on the record; this claim raises a substantial question. ***See Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) ("[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review."). Accordingly, we turn to the merits of Appellant's claim.

We note our standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 7 -

***Commonwealth v. Horning***, 193 A.3d 411, 418 (Pa. Super. 2018) (citation

omitted), ***appeal denied***, 204 A.3d 370 (Pa. 2019).

Section 9721(b) of the Sentencing Code sets forth general sentencing

standards, and provides:

> **(b) General standards.—**. . . the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). Importantly, "[w]hen the court imposes an

aggravated or mitigated sentence, it shall state the reasons on the record[.]"

204 Pa.Code § 303.13(c).

In this case, the record belies Appellant's claim. The trial court

articulated its reasons for Appellant's aggravated-range sentence on the

record as follows:

> THE COURT: Thank you. I've considered the presentence, the mental health, the prior record score, and the facts and circumstances of this case.
>
>     This is another case that never needed to happen because, as I understand it, if I'm recalling this correctly, this happened at the impound lot and trying to get help for [Appellant] whose car had been towed as abandoned.
>
> \*     \*     \*

- 8 -

THE COURT: And Officer Ciarlante actually, from the testimony I remember, was sort of going out of his way to try and see if he could help [Appellant] who was very frustrated by what happened, which is understandable when people's cars are towed.

But what happened to Officer Ciarlante, the fact that I believe he's still hearing loud constant ringing in his ears, he's not sure when that's going to ever go away. It could be a year, five years[.] He has two hearing aids, and he continues to have problems. He put it like sounds like a whisper of air coming in like out of a balloon as a result of his ear injuries.

And he had volunteered in the National Guard and also with the Lithuanian military, if I recall, in Afghanistan, but he will not be able to do any military work anymore. And hearing [his] has been lost from his left ear, and he's trying to use some kind of chips [*sic*] or something to adapt.

\* \* \*

THE COURT: Okay. The damage that was done to him is -- you know, there's an aggravated assault where somebody gets hurt very badly, but they fully recover. And then there's an aggravated assault where they get hurt very badly, and they don't fully recover. They get shot and they're paralyzed or, in this case, the injuries to his ears. And the damage to this officer for really no reason is not just that day and not just for a month or two but is unfortunately permanently, and I think that's what makes this an aggravated assault of a certain type versus another type where people fully recover or their injuries are minimal.

I think, [Appellant], you have, you know, you did have the aggravated assault a long time ago, and you lived otherwise, I think, arrest-free. You walked off your parole. So you do know how to conform and act.

I don't know what happened that day, and it may have been that you were having a bad day. But your bad day caused the officer to have very serious permanent injuries, and that has to be taken into account at sentencing.

\* \* \*

There's nothing that I can say because the whole thing is a tragedy, but the tragedy is that we now have another person who was just trying to do their job and, as a result of doing their job, sustained a very serious permanent injury that prevents them from doing their job again and, frankly, functioning like they would want to function, or any of us would, without hearing problems, without noise coming through our ears, and all the other problems. And that's the basis of the sentence along with the fact that you do know how to conform your conduct, and it's a second aggravated assault causing you to go to state prison.

N.T., 2/27/14, at 9-13.

The record contradicts Appellant's claim that the trial court did not place the reasons for Appellant's aggravated-range sentence on the record. To the contrary, the court clearly conveyed the reasons for Appellant's sentence. As Appellant's discretionary aspects of sentencing claim lacks merit, we likewise conclude that Appellate Counsel was not ineffective for failing to file a post-sentence motion preserving the claim. *See Wholaver*, 177 A.3d at 144. Further, because Appellate Counsel was not ineffective, PCRA Counsel was not ineffective for failing to raise Appellate Counsel's ineffectiveness on collateral review. *See Rykard*, 55 A.3d at 1190. Accordingly, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2020